UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jason Allen Tanis,

                Petitioner,                            Case Number: 25-12234
                                                        Honorable F. Kay Behm

v.

Janna Garcia,[1]

                Respondent.

                                                  /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Jason Allen Tanis, currently in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his convictions for aggravated possession of child sexually abusive material and using a computer to commit crime.  For the reasons explained below, the Court denies the petition.  The Court denies a certificate of appealability, and grants Petitioner leave to proceed on appeal *in forma pauperis*.

---

[1] The proper respondent in a habeas case is the warden of the facility where the petitioner is incarcerated.  *See* Rule 2(a), Rules Governing § 2254 Cases.  Because Petitioner is incarcerated at a facility overseen by Warden Janna Garcia, the Court substitutes Janna Garcia as the respondent.

## I.  Background

Petitioner's convictions arise from a police search of his laptop after its IP address was linked to downloads of child sexually abusive material.  A forensic investigation showed that he "had typed known child sexually abusive material terms into the laptop's search engine and downloaded approximately 2,400 files containing child sexually abusive images and videos." *People v. Tanis*, No. 359775, 2023 WL 3030070, at *1 (Mich. Ct. App. Apr. 20, 2023).  These facts are presumed correct on habeas review under 28 U.S.C. § 2254(e)(1).  *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

Following a jury trial in Ottawa County Circuit Court, Petitioner was convicted of aggravated possession of child sexually abusive material, Mich. Comp. Laws § 750.145c(4)(b), and using a computer to commit a crime, Mich. Comp. Laws § 752.796; MCL 752.797(3)(e).  The trial court sentenced Petitioner to consecutive prison terms of 60 to 120 months for aggravated possession of child sexually abusive material and 15 to 120 months for using a computer to commit a crime.

Petitioner filed an appeal in the Michigan Court of Appeals raising these claims: (i) insufficient evidence supported the conviction for using a computer to commit a crime, (ii) he was not provided fair notice of the charges, (iii) imposition of consecutive sentences violates state law, (iv) trial court failed to detail reasons

2

for consecutive sentences, (v) sentence based on inaccurate information, (vi) ten-year maximum sentence not permitted by statute, (vii) offense variables incorrectly scored, and (viii) the sentence was disproportionate.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Tanis*, No. 359775, 2023 WL 3030070, at *1 (Mich. Ct. App. Apr. 20, 2023). The Michigan Supreme Court denied leave to appeal. *People v. Tanis*, 512 Mich. 917 (Mich. 2023).

Petitioner then filed a motion or relief from judgment in the trial court, raising these claims: (i) ineffective assistance of appellate counsel, (ii) the warrant was overly broad, (iii) double jeopardy violation, (iv) ineffective assistance of trial counsel; and (v) the trial court relied on inaccurate information at sentencing. The trial court denied the motion. *See* Op. and Order, *People v. Tanis*, No. 2020-044238 (Ottawa County Cir. Ct. Oct. 10, 2024). Petitioner did not appeal that decision. (*See* Dkt. 1, PageID.3.)

Petitioner then filed the pending habeas corpus petition. He raises these claims:[2]

I.      The prosecution presented insufficient evidence to support Petitioner's convictions.

II.     Petitioner was not properly informed of the charges under which he was tried and convicted.

---

[2] The Court paraphrases Petitioner's claims for clarity.

III.    The trial court erred in imposing consecutive sentences.

IV.    The trial court improperly scored prior record variable 7 and offense variables 10, 12, and 13.

V.    The trial court erred in imposing a 10-year maximum sentence.

VI.    The trial court trial court incorrectly denied Petitioner's *pro se* motion to correct invalid sentence.

VII.    The prosector improperly elicited testimonial hearsay and trial counsel was ineffective for failing to move for a mistrial.

VIII.    Petitioner's convictions violated the Double Jeopardy Clause.

IX.    The jury instructions for aggravated possession of child sexually abusive materials were inadequate.

X.    Plaintiff was denied complete transcripts for his appeal.

Respondent has filed an answer in opposition arguing that Petitioner has procedurally defaulted several claims and that all claims are meritless.

## II.  Legal Standard

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." *Shoop v. Hill*, 139 S. Ct 504, 506 (2019).  A federal court may grant habeas corpus relief only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable

application of," Supreme Court precedent that was "clearly established" at the time of the adjudication.  28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.  To obtain habeas relief in federal court, a state prisoner must show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Discussion

### A.  Sufficiency of the Evidence

In his first claim, Petitioner argues that the prosecution presented insufficient evidence to establish that he knowingly possessed child sexually abusive material.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, a sufficiency-of-the-evidence analysis focuses on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

In habeas proceedings, such claims face a particularly high bar because they are subject to two layers of deference under *Jackson* and AEDPA:

> First, on direct appeal, it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable. *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S. Ct. 2060, 182 L.Ed.2d 978 (2012) (per curiam) (citations and internal quotation marks omitted).

*Tackett v. Trierweiler*, 956 F.3d 358, 367 (6th Cir. 2020).

Under Michigan law, a person is guilty of possession of child sexually abusive material if the person:

6

> [K]nowingly possesses or knowingly seeks and accesses
> any child sexually abusive material if that person knows,
> has reason to know, or should reasonably be expected to
> know the child is a child or that the child sexually
> abusive material includes a child or that the depiction
> constituting the child sexually abusive material appears
> to include a child, or that person has not taken reasonable
> precautions to determine the age of the child.

Mich. Comp. Laws § 750.145c(4).

To constitute "possession" under Mich. Comp. Laws § 750.145c(4), a person must "knowingly ha[ve] actual physical control or knowingly ha[ve] the power and the intention at a given time to exercise dominion or control" over the child sexually abusive material. *People v. Flick*, 487 Mich. 1, 13 (2010). Possession may be established with circumstantial or direct evidence. *Id.* A person is guilty of using a computer to commit a crime, if he uses "a computer program, computer, computer system or computer network to commit, attempt to commit, conspire to commit, or solicit another to commit a crime." Mich. Comp. Laws § 752.796.

The Michigan Court of Appeals concluded that sufficient evidence supported Petitioner's convictions. The court relied on evidence that Petitioner's IP address (associated with an Asus computer) was used to download child sexually abusive material, that Petitioner searched for terms associated with child sexually abusive material, and that approximately 2,400 image and video files were downloaded. *Tanis*, 2023 WL 3030070 at *2.

Additional evidence reinforced the state court's decision.  Petitioner's son testified that he gave his Asus laptop to Petitioner seven years earlier, when he was ten years old, and thereafter did not personally use the device or observe anyone else using it.  (*See* ECF No. 7-2, PageID.782-84.)  (*Id.* at 784-87.)  The computer was ultimately recovered from beneath the bed in Petitioner's bedroom.  (*Id.* at 788-89.)

Considering both the evidence cited by the Michigan Court of Appeals and the additional trial evidence presented, Petitioner has not shown that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, clearly established federal law.

## B.  Notice of Charges

Next, Petitioner argues that he was denied his right to sufficient notice of the charges against him.[3]

---

[3] Respondent argues that this claim is procedurally defaulted.  (ECF No. 13.)  Under the doctrine of procedural default, a federal court generally may not review claims that a habeas petitioner has defaulted in state court "pursuant to an independent and adequate state procedural rule."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The procedural default doctrine is not jurisdictional, and the Court may bypass this question where proceeding directly to the merits is more efficient.  *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [merits] question priority ..., if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.").  The Court will proceed to the merits of this claim without deciding the procedural-default issue.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." U.S. Const., Amend. VI. The Sixth Circuit has explained this right, as applied to the States through the Fourteenth Amendment, as follows:

> The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. *In re Ruffalo*, 390 U.S. 544 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Combs v. Tennessee*, 530 F.2d [695, 698 (6th Cir. 1976)].

*Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

Where a defendant was provided with adequate information about the charged offense to enable him to prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz*, 731 F.2d at 369.

The Michigan Court of Appeals rejected this claim, concluding that Petitioner received adequate notice of the charges and that his argument was based on a misunderstanding of the statute:

> Appellate counsel argues that defendant cannot be convicted under MCL 750.145d (use of a computer to commit specified crimes) when he was not charged with a violation of that statute. Once again, appellate counsel's

9

> argument is difficult to discern. Defendant was not convicted of violating MCL 750.145d. Instead, defendant was charged and convicted under MCL 752.796 and MCL 752.797(3)(e), as discussed, and he was also charged and convicted of aggravated possession of child sexually abusive material, MCL 750.145c(4)(b). Defendant had notice of these charges in the felony information and the amended felony information.
>
> It appears that defendant could have been charged under MCL 750.145d because MCL 750.145c is listed as one of the underlying offenses, see MCL 750.145d(1)(a), but he was not.

*Tanis*, 2023 WL 3030070, at *3.

The record confirms this conclusion.  Both the felony information and the amended felony information accurately identified the charges for which Petitioner ultimately was convicted.  (*See* ECF No. 7-7, PageID.1352, 1355-56.)  Petitioner, therefore, fails to show that he lacked notice of the charges.  This claim will be denied.

### C.  Sentencing Claims

Petitioner's third through sixth claims challenge various aspects of his sentence.  None warrant habeas relief.

### 1. Consecutive Sentences

Petitioner first argues that the trial court erred by imposing consecutive sentences.  Trial courts have broad discretion in determining "the type and extent of punishment for convicted defendants" as long as the sentence remains within the

10

statutory limits. *Williams v. New York*, 337 U.S. 241, 245 (1949). Petitioner's sentence falls within those limits.

The Michigan Court of Appeals held that the trial court had statutory authority to order that the sentence for the computer-crime offense be served consecutively to the sentence for aggravated possession of child sexually abusive materials. *Tanis*, 2023 WL 3030070 at \*4.

Because state law determines whether sentences run concurrently or consecutively, this claim is not cognizable on habeas review. *See, e.g., Beverly v. Burt*, No. 19-1464, 2019 WL 11753785, at \*3 (6th Cir. July 23, 2019) (finding that a challenge to a consecutive sentence is not cognizable on federal habeas review); *Harrison v. Parke*, 917 F.2d 1304, 1990 WL 170428, at \*2 (6th Cir. 1990) (holding that whether a sentence should run concurrently or consecutively is "a matter of substantive state law ... not cognizable in a federal habeas corpus proceeding").

Accordingly, because the consecutive sentences were authorized by statute and permissible under the federal constitution, habeas relief is denied. *See Oregon v. Ice*, 555 U.S. 160, 165 (2009) (finding that consecutive sentences are constitutionally permissible).

### 2. Sentencing Guidelines Scoring

11

Petitioner next challenges the trial court's scoring of prior record variable 7 and offense variables 10, 12, and 13.

Michigan's sentencing scheme utilizes offense variables and prior record variables to determine the applicable guidelines range. Challenges to a state court's interpretation or application of these guidelines raises a state law issue not cognizable on federal habeas corpus review. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).

Accordingly, Petitioner's claim that the trial court misapplied Michigan's sentencing guidelines does not provide a basis for habeas relief.

### 3. Maximum Sentence

Petitioner also argues that the trial court erred in imposing a 10-year maximum sentence for aggravated possession of child sexually abusive material.

The Michigan Court of Appeals held that Mich. Comp. Laws § 750.145c(4)(b) expressly permits a maximum sentence of 10 years. *Tanis*, 2023 WL 3030070 at *5. This Court will not second-guess a state court's interpretation of state law. *See Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001).

Therefore, Petitioner is not entitled to relief on this claim.

### 4. *Pro Se* Motion

Finally, Petitioner argues that the trial court improperly rejected his *pro se* motion to correct an invalid sentence.

The trial court declined to consider the merits of the motion because Petitioner, who was represented by counsel, could file motions only through counsel. *See* Order Den. Pro Se Mot. (ECF No. 7-8, PageID.1710.) Whether a filing complies with state procedural rules is a matter of state law, and federal courts defer to state courts on such issues. *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001) (holding that district court properly deferred to state court's finding as to whether post-conviction motion was filed according to state rules).

Accordingly, this claim is not cognizable on federal habeas review.

### D.  Procedurally Defaulted Claims

Petitioner raised his remaining claims for the first time in a motion for relief from judgment filed in the trial court. These claims are unexhausted and, because no avenue remains for state court exhaustion of these claims, they are procedurally defaulted.

A prisoner seeking federal habeas relief must first exhaust state remedies by fairly presenting the substance of each federal constitutional claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In Michigan, this requires presenting each claim to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of

showing that state court remedies have been exhausted.  *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).

Petitioner did not present these claims to either appellate court.  He therefore failed to exhaust them.

Because Petitioner already filed a motion for relief from judgment in the state trial court and does not argue that his claims fall within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court, no state remedies remain available.  Where a petitioner "fails to present his claims to the state courts and ... is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust."  *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).  Instead, the claims are procedurally defaulted and will not be considered unless Petitioner establishes cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that failure to consider his claims will result in a fundamental miscarriage of justice.  *Id.*

Petitioner cannot establish cause.  Although ineffective assistance of appellate counsel may explain Petitioner's failure to raise claims on direct appeal, it does not excuse Petitioner's failure to fully present these claims to the Michigan

14

Supreme Court during collateral review.  *See Gadomski v. Renico*, 258 F. App'x 781, 784 (6th Cir. 2007).

Nor has Petitioner demonstrated a fundamental miscarriage of justice.  The Supreme Court has tied this exception to a showing of actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  To satisfy this standard, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt."  *Id.* at 327. Petitioner presents no new, reliable evidence meeting this standard.

Accordingly, these claims are procedurally defaulted and barred from review.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be

granted or the conclusion that certain claims are procedurally defaulted. Therefore, the Court will deny a certificate of appealability.

### V. Conclusion

For the reasons stated, the Court **DENIES** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Date: April 23, 2026                         s/F. Kay Behm
                                                          F. Kay Behm
                                                          United States District Judge